UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TARA McCROHAN,<br>             Plaintiff,<br><br>     v.<br><br>UXBRIDGE POLICE ASSOCIATION, et al.<br>             Defendants. | CIVIL ACTION<br>NO. 11-40232-TSH |

### ORDER

**October 4, 2013**

Hennessy, M.J.

By Order of Reference dated August 23, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #41), this matter was referred to me for a ruling on Defendants Josiah Morisette[1] and David Bergeron's (hereinafter "the Defendants") Motion to Quash Plaintiff's Subpoenas.[2] (Docket #46). Defendants seek an order relieving the Uxbridge Police Department from having to produce documents responsive to the Plaintiff Tara McCrohan's Subpoena to Produce Documents, dated June 18, 2013, and Revised Subpoena to Produce Documents, dated July 8, 2013. McCrohan has filed a response (Docket #50) and this matter is now ripe for adjudication.

Pursuant to a scheduling order entered on December 7, 2012, fact discovery was to end on April 1, 2013. (Docket #22). On April 30, 2013, the Court extended the fact discovery

---

[1] In the motion, Defendant Josiah Morisette is referred to as "Isaiah Morisette." This appears to be a typographical error.

[2] The Defendants style their motion as a Motion for Protective Order. The Court finds this title somewhat unworkable as the motion is not technically a motion for a protective order but rather a motion to quash a subpoena.

period for sixty days until July 1, 2013.  (Docket #24).  The Court emphasized that this extension was "only to complete existing discovery requests, [n]o new discovery."  (Id.).

The subpoenas duces tecum at issue are dated June 18, 2013 (Docket #46-1) and July 8, 2013 (Docket #46-2).  Both seek the following documents:

1. Any and all policies, manuals, guidelines, handbooks, and/or any other documents used or referenced in Isaiah Morisette's or David Bergeron's capacity as President of Local, Uxbridge, 123.

2. Copies of any and all grievances filed by Isaiah Morisette and/or David Bergeron as a member of Uxbridge Local, 123.

3. All employee handbooks, personnel handbooks, personnel policies, guidelines, and/or documents of any other nature or type that refer or relate to the terms, conditions, standards, and/or rules of Isaiah Morisette's and/or David Bergeron's employment as a police officer with the Uxbridge Police Department.

Defendants assert that the subpoenas should be quashed because these records were not subpoenaed prior to April 30, 2013, and, therefore, these were not "existing discovery requests." (Docket #46 at 1).

McCrohan argues that these subpoenas request records that the defendants had agreed to provide prior to April 30, 2013, and, therefore, do not constitute new discovery.  (Docket #50 at 1).  As evidence thereof, McCrohan attaches as Exhibit A to her Response, requests to produce documents that she previously served on Defendants.  (Docket #50-1).  Defendants responded to several of these requests by stating that they would permit McCrohan to copy and inspect records on site at the Uxbridge Police Department.  (Docket #50-2).  McCrohan asserts that the documents sought by these subpoenas were not new or additional discovery; instead, the subpoenas are a different method of conducting discovery that was already requested and already agreed to by Defendants.  (Docket #50 at 1-2).

The Court does not find McCrohan's argument persuasive. The subpoenas at issue are dated after April 30, 2013. The Court was clear in its order that the discovery period was extended for existing requests only. While Defendants may have previously allowed McCrohan to access the information sought, Defendants did not agree to bear the burden of producing the information. Nothing in this Order prevents McCrohan from inspecting and copying the responsive documents at the Uxbridge Police Department, as previously agreed to by Defendants. If McCrohan experiences difficulty obtaining the information she requested prior to April 30, 2013, she may file a motion to compel at that time.

For the foregoing reasons, the Motion to Quash is ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE