## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TARA McCROHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 11-40232-TSH** |
| UXBRIDGE POLICE ASSOCIATION, et al. | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### December 5, 2013

Hennessy, M.J.

By Order of Reference dated October 24, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket #56), this matter was referred to me for a Report and Recommendation on Defendants Josiah Morisette[1] and David Bergeron's (hereinafter, "the Defendants") Motion to Dismiss. (Docket #52).  Plaintiff Tara McCrohan filed a response to the Motion on October 8, 2013. (Docket #55).  A hearing was held on the matter on November 22, 2013.

For the foregoing reasons, I hereby RECOMMEND that the Motion to Dismiss be DENIED IN PART AND GRANTED IN PART

## I.      BACKGROUND

At the hearing on November 22, 2013, the Court reviewed the factual history of the case with the parties.  The parties agreed as to the following facts:

---

[1] In the motion, Defendant Josiah Morisette is referred to as "Isaiah Morisette."  This appears to be a typographical error.

1. On December 11, 2012, Defendants served McCrohan with a request for production of documents (hereinafter, the "December Document Request").

2. On June 13, 2013, having received no response, Defendants requested that McCrohan produce any documents responsive to the December Document Request.  On June 18, 2013, Defendants served by mail their same request that McCrohan produce any documents responsive to the December Document Request.

3. On July 1, 2013, fact discovery closed, pursuant to the Court's scheduling order.

4. On August 20, 2013, having still received no response to the December Document Request, Defendants filed a motion to compel McCrohan's responses to their request for production of documents.

5. On September 10, 2013, this Court granted Defendants' motion to compel, ordering McCrohan to respond to the December Document Request by September 20, 2013.

6. On September 26, 2013, Defendants, alleging that McCrohan had failed to comply with the Court's order to produce the documents responsive to the December Document Request, moved to dismiss the action with prejudice, pursuant to Federal Rule of Civil Procedure 37.

7. On October 30, 2013, the Court issued an electronic notice that a hearing on the motion to dismiss would be held in Boston on November 13, 2013 at 10:00 a.m.

8. On November 13, 2013, counsel for Defendants, Attorney Regina M. Ryan, appeared for the hearing. Counsel for McCrohan did not appear.

9. At the direction of the Court, the courtroom deputy attempted to contact McCrohan's counsel.  The Clerk was able to reach Attorney Daniel E. Salstein, who had entered an appearance in this case.  Attorney Salstein stated that he was not handling the case and

2

connected the Clerk with Attorney John Martin, of the same firm, who indicated that he was counsel to McCrohan. Attorney Martin stated that he had not received notice of the hearing and was not prepared to proceed.[2]

10. At 10:25 a.m., the Court called the case. It indicated that it would issue an Order to Show Cause as to why the case should not be dismissed with prejudice.

11. On November 13, 2013, the Court issued the Order to Show Cause. It further directed Attorney Martin to file a notice of appearance in order to participate in the hearing or to file any submissions to the Court. A hearing on the Order to Show Cause was calendared for November 22, 2013 at 11:00 a.m.

12. On November 22, 2013 at 7:14 a.m., Attorney Martin filed a notice of appearance in the case.

13. On November 22, 2013, Attorney Martin and Attorney Regina M. Ryan, counsel for Defendants, appeared for oral argument.

There are two important factual disputes. The first dispute concerns whether or not McCrohan complied with the Court's September 10, 2013 Order allowing the motion to compel and directing McCrohan to produce the documents responsive to the December Document Request. Attorney Ryan, at the Court's direction, filed an affidavit averring that she did not receive McCrohan's responses to the December Document Request on or about September 5, 2013. Rather, the first time she saw the response was on October 8, 2013, as an attachment to McCrohan's Opposition to the Motion to Dismiss. Attorney Martin averred that on or about September 4, 2013, he completed the responses to the December Document Request and placed them in an addressed and stamped envelope. Attorney Martin asked his law partner, Attorney

---

[2] Attorney Martin had yet to file an appearance in the case. Thus, he would not have received notice of hearings, orders, or other filings.

Simon B. Mann, to drop them in the outgoing mail that same day.  Attorney Mann averred that on September 4 or September 5, 2013, Attorney Martin gave him an envelope to mail.  It was addressed to Attorney Ryan.  Attorney Mann recalls the mailing because of ongoing discovery disputes in the case.  Attorney Mann placed the envelope in the Post Office mail receptacle.

While this matter presents a close factual dispute, I recommend that the Court find that Attorney Martin mailed the response to the December Document Request on or about September 5, 2013.  Although there are reasons to question the accuracy of Attorney Martin's assertion – for instance, the response was not attached to other documents McCrohan served and filed on September 5, 2013 – the force of two affidavits from Attorney Martin and Attorney Mann satisfies this Court that Attorney Martin complied with the Order.  However, the Court also credits the affidavit of Attorney Ryan that she never received the response until October 2013, and thus properly moved to dismiss the action under Federal Rule of Civil Procedure 37 on September 26, 2013.

The second factual dispute concerns the efforts Attorney Ryan made, pursuant to Local Rule 7.1(A)(2), to confer with Attorney Martin prior to filing the motion to dismiss.  Defendants filed a certificate of compliance with Local Rule 7.1(A)(2) with the motion to dismiss.  Defendants stated that on September 25, 2013, Attorney Ryan called McCrohan's counsel to discuss the matter but was unable to reach him.  Attorney Ryan states that she left a voice mail message for McCrohan's counsel, but he never returned her call.  Attorney Ryan indicates that she called McCrohan's counsel again on September 26, 2013 and was told that he had just stepped out of the office.  In the opposition to the motion to dismiss, Attorney Martin stated that his mail and email logs indicated that there was no notice of deficiency or request to confer forthcoming prior to the filing of the motion.  In order to resolve this dispute, the Court directed Attorney Martin to

file an affidavit.  He did so, stating that he does not recall receiving a voicemail from Attorney

Ryan.  He added that he has "no reason to disbelieve Attorney Ryan when she claims she called

me."  Attorney Martin also filed the affidavit of Intern Zatet in which Intern Zatet avers that he

was familiar with the McCrohan case and does not recall answering a telephone call regarding

the McCrohan case on September 25 or 26, 2013.

I recommend that the Court find that Attorney Ryan made repeated attempts to contact

Attorney Martin to resolve or narrow the motion to dismiss.  Among other things, Attorney Ryan

was able to provide a detailed account of her efforts to confer.  On the other hand, the record in

general suggests a certain lack of attention to detail in Attorney Martin's law practice:  attorneys

who have filed a notice of appearance in this case are not actually handling the matter, but the

attorney who is handling the matter did not file a notice of appearance until directed by the Court

to do so; documents that the Defendants should receive by mail are not received; and there is no

record in Attorney Martin's phone logs of very specific phone messages – "he just stepped out" –

and, hence, such calls do not get returned   Additionally, Attorney Martin is not prepared to

contest Attorney Ryan's assertion that she called.

## II.    ANALYSIS

"[A] party who flouts a court order does so at its own peril."  <u>Hooper-Haas v. Ziegler</u>

<u>Holdings, LLC</u>, 690 F.3d 34, 37 (1st Cir. 2012).  "[C]ourts cannot effectively administer justice

unless they are accorded the right to establish orderly processes and manage their own affairs.

The authority to order sanctions in appropriate cases is a necessary component of that

capability."  <u>Young v. Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003) (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey an order to

provide or permit discovery, the court where the action is pending may issue further just orders, that may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The sanction that Defendants seek, dismissal with prejudice, "is a harsh sanction which runs counter to our strong policy favoring the disposition of cases on the merits." Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012) (quoting Figueroa Ruiz v. Algeria, 896 F.2d 645, 647 (1st Cir. 1990)). "[D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme[,] however, . . . disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Young, 330 F.3d at 81. "When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Id.

Relevant factors include, but are not limited to, the nature of the misconduct, its repetition (or lack thereof), its degree of deliberateness, the extent to which the offender had fair warning of the possible consequences of misconduct, the availability vel non of an opportunity to offer an explanation or to plead for leniency, the legitimacy of any proffered excuse, any other aggravating or mitigating circumstances, the presence or absence of prejudice to the other party,

the degree of interference with the functioning of the court, and the adequacy of lesser sanctions.

Hooper-Haas, 690 F.3d at 38.

At the hearing on November 22, 2013, I asked Attorney Martin to identify appropriate sanctions short of dismissal with prejudice.  See Fed. R. Civ. P. 37(b)(2)(A) (listing sanctions). Acknowledging the deficiencies in his responsiveness, he suggested that he be held accountable for costs and legal fees incurred by Defendants in filing the motion to compel and the motion to dismiss.  He further suggested that he pay an appropriate fine and be directed to re-file a response.  Given the "strong policy favoring the disposition of cases on the merits," See Mulero-Abreu, 675 F.3d at 94, and in light of the totality of the events, I concur with his appeal that the matter not be dismissed, but rather dealt with through sanctions.  I recommend that the Court order Attorney Martin to pay the attorney fees and costs of both motions.  I further recommend that the Court direct Attorney Martin to pay $500 to Community Legal Aid, Inc. and produce a receipt evidencing such payment by December 12, 2013.[3]  Finally, I recommend that Attorney Martin refile a response to the motion to compel on or before December 12, 2013.

III.    CONCLUSION

For the foregoing reasons, I hereby RECOMMEND that the Defendants' Motion to Dismiss be DENIED IN PART AND GRANTED IN PART.[4]  I RECOMMEND that the case not

---

[3] Donations to Community Legal Aid may be made either online at http://www.communitylegal.org/support/give or via mail by check made out to Community Legal Aid and addressed to:

Pat Owen, Fiscal Manager
Community Legal Aid
405 Main Street
Worcester, MA 01608

[4] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has

be dismissed but, instead, that sanctions be imposed.  I RECOMMEND that the Court order Attorney Martin to pay the attorney fees and costs of both motions.  I further RECOMMEND that the Court direct Attorney Martin to pay $500 to Community Legal Aid, Inc. and produce a receipt evidencing such payment by December 12, 2013.  I further RECOMMEND that Attorney Martin re-file a response to the motion to compel by December 12, 2013.  If neither party files an objection, the Defendants are ORDERED, after conferring with McCrohan, to submit their attorneys fees and costs for the motion to compel and the motion to dismiss by December 23, 2013.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).