UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TARA MCCROHAN, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 4:11-CV-40232-TSH |
| UXBRIDGE POLICE ASSOCIATION LOCAL #123, MCOP, AFL-CIO, and DAVID BERGERON | |
| Defendants. | |
| MASSACHUSETTS COALITION OF POLICE | |
| Intervenor | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**
(Docket No. 249)

**May 26, 2017**

**HILLMAN, D.J.**

In March 2015, a jury awarded plaintiff Tara McCrohan, a one-time police sergeant in Uxbridge, $439,000 in damages on her claims of defamation and infliction of emotional distress against defendant Uxbridge Police Association Local 123 ("Local 123"). Because Local 123 had insufficient assets, McCrohan filed the present motion seeking to enforce her judgment against the Massachusetts Coalition of Police (MCOP), a state-level union to which Local 123 is affiliated, or in the alternate, to amend the Complaint to add MCOP as a party.

Central to McCrohan's motion to enforce judgment is the incorrect assumption that Local 123 and MCOP are the same legal entity. "As a general rule, an international union and its affiliated locals are deemed to be separate legal entities." *E.E.O.C. v. Ent'l Bro. of Elec. Workers*

1

*Local 998*, 2005 WL 469600, at *2 (N.D. Ohio Feb. 28, 2005). McCrohan does not dispute that Local 123 and MCOP exhibit the hallmarks of having distinct legal identities. The two unions have, *inter alia*, independent formation and governing documents, non-overlapping leadership, and separate addresses. Local 123 chose to affiliate with MCOP, but it was not obliged to do so, and had the authority to disassociate at any time. Under these circumstances, the judgment against Local 123 cannot be directly enforced against MCOP.

Imposing liability on MCOP under McCrohan's alternative "alter ego"[1] or agency theories[2,3] would require joining it as a defendant to the present case, and this court lacks subject matter jurisdiction over such a proceeding. "It is black-letter law that a federal court has an

---

[1] While McCrohan does not specifically use the term "alter ego," at least some of her arguments describe such a theory of liability.

[2] McCrohan also suggests that MCOP and Local 123 should be treated as one union because they enjoyed "shared counsel" and "behaved as one entity" during this litigation. However, this argument is without merit, as MCOP was not a party to this lawsuit, and thus was not represented by counsel in this case before or during trial. McCrohan's allegations of misconduct with respect to discovery similarly fail, as they are predicated on a theory that MCOP was under a duty to complete disclosure in a case to which it was not a party at the time.

[3] There is longstanding precedent that agency law principles be used to distinguish where a wider union is responsible for the tortious acts of local unions. *See Carbon Fuel Co. v. United Mine Workers of America*, 444 U.S. 212, 217-218, 100 S. Ct. 410 (1979) (declining to hold an "International" union liable for illegal acts that it did not instigate, ratify, support or encourage, acts that were contrary to the constitution of the "International," and that had in fact been opposed by it, concluding that the petitioner had "failed to prove agency."); *Coronado Coal Co. v. United Mine Workers of America*, 268 U.S. 295, 304 (1925) ("a trades union … might be held liable, and all its funds … might be levied upon to pay damages suffered through illegal methods … but certainly it must be clearly shown in order to impose such a liability … that what was done was done by their agents in accordance with their fundamental agreement of association."); *Borowiec v. Local No. 1570*, 889 F.2d 23, 26 (1st Cir. 1989) (citing *Abreen Corp. v. Laborers' Internat'l Union*, 709 F.2d 748, 757 (1st Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 702 (1984); *Carbon Fuel*, 444 U.S. at 213-17, 100 S. Ct. at 412-14) ("A plaintiff seeking to place liability on an international for a local's allegedly illegal conduct must [] show that the local acted as the international's agent or that the international independently participated in the unlawful conduct."). Accordingly, MCOP could potentially be held liable and its funds levied to pay damages if the tortious action of Local 123 was executed in accordance with its fundamental agreement of association with MCOP, if Local 123 was acting as an agent of MCOP, or if MCOP independently participated in the defamation and infliction of emotional distress.

2

obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) (citing *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir.1988); Fed.R.Civ.P. 12(h)(3)). "Where [a] postjudgment proceeding presents a new substantive theory to establish liability directly on the part of a new party, some independent ground is necessary to assume federal jurisdiction over the claim, since such a claim is no longer a mere continuation of the original action." *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 498 (1st Cir. 2000) (citing *Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1454 n.7 (9th Cir. 1996); *See also Peacock v. Thomas*, 516 U.S. 349, 359, 116 S. Ct. 862, 869 (1996), 116 S.Ct. 862; *Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 11 n.2 (1st Cir. 1998) ("[Enforcement jurisdiction] cannot extend to most cases that seek to assign liability for the judgment to a new party."); *Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1217 (10th Cir. 1992) (citing *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 30 S.Ct. 601 (1910) ("[W]hen postjudgment proceedings seek to hold nonparties liable for a judgment on a theory that requires proof on facts and theories significantly different from those underlying the judgment, an independent basis for federal jurisdiction must exist.")).

Pursuant to 28 U.S.C. § 1367(a), this Court exercised supplemental jurisdiction over McCrohan's state law claims against Local 123 because her original Complaint included a federal claim for a violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e), *et seq*. Upon the entry of judgment, that subject matter jurisdiction "vanished." *Peacock*, 516 U.S. at 355. McCrohan's alterative enforcement theories are not "a mere continuation" of the underlying claims because they depend on the relationship and control between MCOP and Local 123 – facts that differ significantly from those underlying the judgment against Local 123 for defamation and infliction of emotional distress. As these enforcement theories raise no federal

question, and the parties are not diverse, this court lacks subject jurisdiction over these proposed proceedings.

While the court appreciates McCrohan's frustration, at this point the court is limited to enforcing the judgment against the only party found liable in this case, Local 123, and will only consider any properly filed motion on that topic.

## **Conclusion**

For the reasons set forth above the plaintiff's motion (Docket No. 249) is ***denied***.

**SO ORDERED.**

>	*/s/ Timothy S. Hillman*
>	**TIMOTHY S. HILLMAN**
>	**DISTRICT JUDGE**